Chen v. Holder

BIA
Weisel, IJ
A094 934 265

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of August, two thousand thirteen.

PRESENT:  DENNIS JACOBS,
                    *Chief Judge,*
               ROBERT A. KATZMANN,
               GERARD E. LYNCH,
                    *Circuit Judges.*

_____

XUE CHEN,
          *Petitioner,*

          v.                                                            12-842
                                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:           Gary J. Yerman, New York, New York.

FOR RESPONDENT:           Stuart F. Delery, Acting Assistant Attorney General;
                          Paul Fiorino, Senior Litigation Counsel; Karen L.
                          Melnik, Trial Attorney, Office of Immigration
                          Litigation, United States Department of Justice,
                          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Xue Chen, a native and citizen of the People's Republic of China, seeks review of a February 6, 2012 decision of the BIA affirming the May 6, 2010 decision of Immigration Judge ("IJ") Robert D. Weisel, denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In re Xue Chen, No. A094 934 265 (B.I.A. Feb. 6, 2012), aff'g No. A094 934 265 (Immig. Ct. N.Y. City May 6, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA issues an opinion, the opinion becomes the basis for judicial review of the decision of which the alien is complaining." Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir. 2005) (internal quotation marks and citations omitted). Where, as here, "the BIA adopts the decision of the IJ and merely supplements the IJ's decision . . . we review the decision of the IJ as supplemented by the BIA." Id. Thus, although Chen raises a number of challenges to the adverse credibility determination, because the BIA assumed credibility, we do the same and do not reach the IJ's findings on credibility. See id. (noting that this court "may not rest our opinion on the IJ's credibility finding," where the BIA did not adopt and affirm those findings). Accordingly, we address only the basis for denial relied upon by the agency – Chen's failure to establish past persecution or a well-founded fear of persecution. The applicable

2

standards of review are well-established.  See 8 U.S.C. § 1252(b)(4)(B); Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir. 2008).

Chen does not challenge the agency's findings regarding past persecution, but argues instead that he has a well-founded fear of persecution because he will attend an underground church and preach Christianity in China and because there is a pattern or practice of persecution of such individuals.  Chen did not raise either of these arguments to the BIA, however, and instead asserted that he was entitled to relief based on the harm he and his parents suffered in China.  These arguments are therefore unexhausted, and we decline to consider them on appeal.  See Lin Zhong v. U.S. Dep't of Justice, 480 F.3d 104, 120 (2d Cir. 2007).

Finally, Chen has not raised any significant challenge to the denial of CAT relief separate and apart from the arguments he raised with respect to asylum and withholding of removal.  We thus decline to further address that claim.  See Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n.7 (2d Cir. 2005) (declining to consider conclusory arguments regarding well-founded fear of persecution).

For the foregoing reasons, the petition for review is DENIED.  The pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3